IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA SPORT SHIRTS, INC.,<br><br>Defendant. | Case No. 15-cv-1072 |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, TIMOTHY BENNETT ("Bennett"), brings this Complaint for declaratory judgment against ARIZONA SPORT SHIRTS, INC. ("Arizona"), stating as follows:

**Nature of Action**

1. Bennett seeks declaratory judgment of non-infringement and non-dilution of alleged trademark rights. Bennett also seeks that the rights asserted by the Defendant are invalid and unenforceable.

2. Arizona asserts that Bennett is infringing upon its trademark rights and diluting its trademarks. Bennett asserts that he has not infringed upon or diluted any trademark rights held by Arizona, and further, Bennett asserts that such purported rights are invalid and unenforceable.

**Parties**

3. Bennett is an individual residing at 7720 W Redwing Dr. Peoria, Illinois 61604.

4. Arizona is a company that is, upon information and belief, located at 100 Gasoline Alley, Indianapolis, Indiana.[1]

---

[1] Despite appending "Inc." to its name, Arizona does not appear to be registered to do business as a corporation in Indiana.

**Jurisdiction & Venue**

5. This is an action for declaratory judgment arising out of the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*, the Lanham Act, 15 U.S.C. § 1125, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Bennett resides within this District.

7. Arizona, upon information and belief, does business within this District. Further, its false assertions of trademark rights and Bennett's purported infringement and dilution of the same were directed to Mr. Bennett in this District.

8. Thus, this Court has original and personal jurisdiction over this matter.

9. Venue for this action is proper in the Central District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) and/or (c)(2).

**Factual Background**

10. Bennett is a dirt track racing enthusiast who discovered that a there was an unfulfilled market demand for dirt track racing games.

11. Bennett is the sole proprietor of a start up company that produced a mobile device application, or "app," called Dirt Trackin.'

12. Dirt Trackin' is available for download for Apple's iOS devices via the App Store. It is available for download on Android devices via Google Play.

13. Arizona is an alleged corporate entity, which, upon information and belief, is in the business of making corporate and sports apparel, specifically tee shirts.

14. On February 3, 2015, counsel Arizona sent a letter to counsel for Bennett that claimed Bennett was diluting and infringing trademark rights apparently held by Arizona. *See,* Exh. A.

**Defendants Acts Constituting Actual Controversy**

15.     As noted above, Arizona has accused Bennett of infringing and diluting intellectual property rights it purportedly holds or has license too.

16.     In the letter of February 3, 2015, Arizona claimed that Dirt Trackin's visualization of cars "is likely to mislead consumers." Exh. A, p. 1. This allegation is the crux of purported trademark infringement. *See,* 15 U.S.C. § 1125(a).

17.     In that same letter, Arizona claims that the Dirt Trackin's visualization of cars "creates the impression that you are affiliated or sponsored by [Arizona]." Exh. A, p. 1. This allegation is the crux of purported trademark dilution. *See,* 15 U.S.C. § 1125(c).

18.     Arizona demanded sums of money for Bennett's use of certain visualizations of cars and demanded that Bennett cease and desist from using these visualizations of cars in his mobile device application. Exh. A, p. 2.

19.     Arizona explicitly claimed that its letter was making a statement regarding some, not necessarily all, of its rights. Exh. A, p. 2.

20.     There presently exists a justiciable controversy regarding Bennett's game, Dirt Trackin', and the visualization of cars within the same, namely, whether those visualizations infringe or dilute any trademark rights held by Arizona.

**Count I**
**Invalidity/Non-Existence of Any Purported Trademark Rights**

21.     Bennett incorporates ¶¶ 1 – 20 as if fully restated here.

22.     This is a declaratory judgment action under 15 U.S.C. §1051, *et seq.* and 28 U.S.C. §§ 2201, 2202. A justiciable controversy exists by way of the credible threat of immediate

litigation, the demand to cease and desist use of certain visualizations of vehicles, and demand for sums of money, for which Bennett seeks relief from this Court.

23.    Upon information and belief, Arizona holds no enforceable trademark rights concerning the cars discussed in its letter.

24.    Upon information and belief, Arizona holds no other enforceable trademark rights that would allow it to make the demands set forth in its letter.

25.    Bennett seeks an Order from this Court declaring that Arizona does not possess any valid and enforceable trademark rights that relate to Dirt Trackin'.

## Count II
## Non-Infringement of Trademark Rights[2]

26.    Bennett incorporates ¶¶ 1 – 20 as if fully restated here.

27.    This is a declaratory judgment action under 15 U.S.C. §1125, *et seq.* and 28 U.S.C. §§ 2201, 2202.  A justiciable controversy exists by way of the credible threat of immediate litigation, the demand to cease and desist use of certain visualizations of vehicles, and demand for sums of money, for which Bennett seeks relief from this Court

28.    Assuming, *arguendo*, that Arizona holds some trademark rights to the general visualization of cars, the visualization of cars in Dirt Trackin' do not infringe upon those rights.

29.    Bennett seeks an Order from this Court declaring that he has not infringed upon the trademark rights of Arizona.

## Count III
## Non-Dilution of Trademark Rights

30.    Bennett incorporates ¶¶ 1 – 20 as if fully restated here.

---

[2] In bringing this second count, Bennett in no way acknowledges or admits that Arizona has any protectable trademark rights.

31.     This is a declaratory judgment action under 15 U.S.C. §1125, *et seq.* and 28 U.S.C. §§ 2201, 2202.  A justiciable controversy exists by way of the credible threat of immediate litigation, the demand to cease and desist use of certain visualizations of vehicles, and demand for sums of money, for which Bennett seeks relief from this Court

32.     Assuming, *arguendo*, that Arizona holds some trademark rights to the general visualization of cars, Arizona has not obtained any rights in a mark that is famous enough to allow a claim for dilution to be made.

33.     Assuming, *arguendo*, that Arizona holds some trademark rights to the general visualization of cars, the visualization of cars in Dirt Trackin' do not result in any trademark dilution.

34.     Bennett seeks an Order from this Court declaring that he has not diluted the trademark rights of Arizona.

**Prayer for Relief**

WHEREFORE, Timothy Bennett seeks a judgment from this Honorable Court that awards him the following relief:

A.      An order declaring that Arizona lacks any enforceable, valid, trademark rights relating to the visualization of cars in a video game such as Dirt Trackin';

B.      An order declaring that Bennett has not infringed upon any trademark rights held by Arizona;

C.      An order declaring that either Arizona holds no rights in a trademark famous enough for dilution to occur or that Bennett has not diluted any such trademark;

D.      An order awarding Bennett his reasonable attorneys' fees and costs associated with this action; and

E.      Any other relief this Court deems just and equitable.

Respectfully submitted,

/s/ John T.D. Bathke
John T.D. Bathke
Shay Phillips, Ltd.
456 Fulton St. | Ste. 255
Peoria, IL | 61602
t  | 309.494.6155
f  | 309.494.6156
e | jbathke@skplawyers.com

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Phillips, Ltd.
456 Fulton St. | Ste. 255
Peoria, IL | 61602
t  | 309.494.6155
f  | 309.494.6156
e | jphillips@skplawyers.com